## Turner Estate

*Bruce P. Ryder,* for accountant.

APPEL, J., March 13, 1975.—Nellie E. Turner died May 19, 1974, having disposed of her estate by will dated September 27, 1961, the pertinent provisions of which are the following:

"Third: I give, devise and bequeath my entire estate to my God-child, Neia Y. Fry, if she shall be living thirty (30) days after my death.

"    . . .

"Fifth: If the said Neia Y. Fry is under the age of twenty-one (21) years when any funds or assets become distributable to her under this will, I nominate Farmers Bank and Trust Company, Lancaster, Pa., to be guardian of the estate of said minor. Said guardian shall invest and reinvest the fund and pay the income for the care, maintenance, support and education of such minor. In addition, I give said guardian full power to retain in the minor's estate any assets which I may own at the time of my death, regardless of the fact said assets may not be income producing, and

full power to pay to and expend for the benefit of said minor from the principal of her estate such amounts at such times as the guardian may deem necessary or advisable for the care, maintenance, support and education of said minor."

Decedent was not survived by a spouse but was survived by the sole legatee, Neia Y. Fry, who, having been born September 10, 1954, is 20 years of age. Farmers Bank and Trust Company, Lancaster, Pa., now by consolidations is National Central Bank. As will hereinafter appear, the balance to be distributed to the legatee is $6,743.78.

The accountant, which is also the designated guardian, has suggested "that the guardianship in the will applies only during minority and since beneficiary is no longer a minor, residue can be awarded directly to her." We agree that the result suggested by the personal representative is correct.

Section 102 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P. L. 508, contains the following definition:

" 'Guardian.' Means a fiduciary who has the care and management of the estate or person of a minor or an incompetent person."

When the will was executed, the Fiduciaries Act of April 18, 1949, P. L. 512, was in effect. That act did not contain a definition of a minor. At that time, according to Zimmerman Est., 23 Fiduc. Rep. 623 (1973); it was hornbook law that a minor was an individual under the age of 21 years." Apparently the legislature has concluded that the sperms, genes and chromosomes which have been recently productive have combined with the varied facets of modern society and civilization whereby the resultant admixture should be entitled to a decrease of three years in the period of minority. So that this result might appropriately be

recognized and effective in this Commonwealth, section 102 of the code was amended on December 6, 1972, to provide as follows:

" 'Minor.' Means an individual under the age of 18 years."

In Zimmerman Estate, Judge Shaulis, of Somerset County, concluded that a court-appointed guardianship for the estate of a minor terminated at age 18 even though the guardian had been appointed when the age of majority was 21. We are unable to distinguish between a court-recognized age of majority as 21 years and a testamentary recognition of the same age. In the present case, a guardian was designated to administer the estate of a minor. However, we do not presently have a minor before us in the person of Neia Y. Fry, even though she has not attained the numerical years then correctly believed by testatrix to distinguish between minority and adulthood. By statute, Neia Y. Fry ceased being a minor when she celebrated her eighteenth birthday. By definition, a guardian is a fiduciary who performs with respect to the affairs of a minor or an incompetent. Since minority does not here exist, the concomitant guardianship is without a basis upon which to be bottomed.

In reaching this conclusion, we recognize that textatrix has specifically mentioned the age of 21 years; however, we believe that this indication was merely incidental to her recognition that the beneficiary then lacked capacity and, therefore, required another to manage her affairs during the period of incapacity. In 1961, when the will was executed, testatrix recognized the incapacity of Neia Y. Fry and she provided for it by designating a guardian. In 1974, when testatrix died, the incapacity had been removed, not because the beneficiary had attained the age stated in the will but because she had reached the

age statutorily determinative of adulthood. Therefore, in our opinion, the legatee is entitled to receive the legacy without the intervention of a guardian.

In reaching the conclusion which we have, it is, nevertheless, noted that we are here treating with an interest vested in an individual as to which there have been provisions pertaining to management and administration and that we are not here concerned with the relationship between a trustee and beneficiary whose interest in the trust corpus may be limited or subject to divestiture. The latter situation is not presently before us. It is recognized that what has been stated here may well be inapplicable thereto.